# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

COLLIN L. MCGEARY, et. al.

    Plaintiff,

v.                                                      Civil Action No. 05-11319 DPW

THE GILLETTE COMPANY,

    Defendant

_____

In re:                                                   MDL Docket No. 1704

M3POWER RAZOR SYSTEM
MARKETING & SALES PRACTICES
LITIGATION

## PLAINTIFF'S MOTION FOR STATUS CONFERENCE
## REGARDING MDL PROCEEDINGS

Plaintiff, Collin McGeary, on his own behalf and on behalf of all persons similarly situated, respectfully requests that the Court schedule a case status conference to address the MDL proceedings to be conducted in this matter pursuant to the recent consolidation order of the MDL Panel, and schedule a date for the parties to submit their proposed agenda for the status conference. In support of this motion, Plaintiff states:

1. On October 27, 2005, the MDL Panel entered an order granting MDL treatment to the various cases pending nationwide against Gillette regarding the subject matter of this litigation. *See* Order, attached hereto as Exhibit 1. The MDL Panel further ordered that the MDL proceedings be conducted in this Court. *Id.*

2. Pursuant to the various Conditional Transfer Orders filed in cases throughout the country, numerous consolidated cases will soon be arriving in this Court for pre-trial proceedings.

3. Plaintiff respectfully submits that for purposes of judicial economy and efficiency the parties would benefit from early guidance regarding the best way for these cases to proceed on a consolidated basis. Suggested topics to be addressed in the proposed status conference are: interim class counsel and leadership structure; pending discovery matters; consolidated discovery plans; streamlined settlement procedures to avoid (or address) competing offers which may arise, or have arisen, among disparate plaintiffs or plaintiffs' groups; and other pre-trial procedural issues that the parties or the Court may deem appropriate at this early stage.

WHEREFORE, Plaintiff McGeary respectfully requests an Order from the Court setting a status conference, and establishing a date for the parties to submit their respective conference agenda.

Respectfully submitted,

/s/Kenneth D. Quat
Kenneth D. Quat
LAW OFFICES OF KENNETH D. QUAT
9 Damonmill Square, Suite 4A-4
Concord, MA  01742
(978) 369-0848

*-and-*

Lance A. Harke, P.A.
HARKE & CLASBY, LLP
155 S. Miami Avenue, Suite 600
Miami, FL  33130
(305) 536-8230

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail this 22nd day of November, 2005, on the persons referenced on the attached service list.

| | |
|---|---|
| Brandon O. Gibson<br>Pentecost, Glenn & Rudd, PLLC<br>106 Stonebridge Blvd.<br>Jackson, TN 38305<br><br>*Counsel for Crant W. Jackson* | Frank L. Watson, III<br>William F. Burns<br>Watson Burns, PLLC<br>One Commerce Square, Suite 2600<br>Memphis, TN 38103<br><br>*Counsel for Tracy Corea* |
| Arthur Horne<br>Murray Wells<br>Horne & Wells, PLLC<br>81 Monroe Ave., Suite 400<br>Memphis, TN 38103<br><br>*Counsel for Tracy Corea* | Steven A Schwartz<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br><br>*Counsel for Steve McGlynn.* |
| Karen Marcus, Esq.<br>MilaF. Bartos, Esq.<br>Finkelstein, Thompson & Loughran<br>1050 30th Street N.W.<br>Washington, D.C. 20007<br><br>*Counsel for Evan Rosenthal and Steve McGlynn* | Joseph J. DePalma<br>Susan D. Pontoriero<br>Lite DePalma Greenberg & Rivas, LLC<br>Two gateway Center, 12th Floor<br>Newark, NJ 07102<br><br>*Counsel for Patrick Coleman* |
| Marck C. Gardy<br>Henry Young<br>Abbey Gardy, LLP<br>212 East 39th Street<br>New York, NY 10016<br><br>*Counsel for Patrick Coleman* | Mitch Kalcheim, Esq.<br>Kalcheims S A L A H<br>10960 Wilshire Blvd., Suite 1790<br>Los Angeles, CA 90024<br><br>*Counsel for David Lipper* |
| Nadeem Faruqi<br>Anthony Vozzolo<br>Faruqi & Faruqi, LLP<br>320 East 39th Street<br>New York, NY 10016<br><br>*Counsel for David Delre* | Stephen M. Sohmer<br>The Sohmer Law Firm<br>One Passaic Avenue<br>Fairfield, NJ 07004<br><br>*Counsel for Joshua Vereb* |

| | |
|---|---|
| Reginald Terrell, Esq.<br>The Terrell Law Group<br>223 25th Street<br>Richmond, CA 94804<br><br>*Counsel for Michael Pruitt* | Donald Amamgbo, Esq.<br>Amamgbo & Associates<br>1940 Embarcardero<br>Oakland, CA 94606<br><br>*Counsel for Michael Pruitt* |
| Lionel Z. Glancy, Esq.<br>Michael Goldberg, Esq.<br>Glancy Binkow & Goldber LLP<br>1801 Avenue of the Stars, Suite 311<br>Loas Angeles, CA 90067<br><br>*Counsel for Matthew Marr* | Wayne S. Kreger<br>Lee Jackson<br>Gillian L. Wade<br>Verboon, Milstein & Peter, LLP<br>2800 Donald Douglas Loop North<br>Santa Monica, CA 90405<br><br>*Counsel for David Atkins* |
| Ben Barnow, Esq.<br>Sharon Harris, Esq.<br>Barnow and Associates, P.C.<br>One North LaSalle Street, Suite 460<br>Chicago, IL 60602<br><br>*Counsel for Greg Besinger and David Zavala* | Larry D. Drury, Esq.<br>Larry D. Drury, LTD.<br>Two N. LasSalle Street, Suite 700<br>Chicago, IL 60602<br><br>*Counsel for Greg Besinger and David Zavala* |
| John H. Alexander, Esq.<br>John H. Alexander & Associates, LLC<br>100 W. Monroe Street, Suite 2100<br>Chicago, IL 60603<br><br>*Counsel for Greg Besinger and David Zavala* | John S. Steward, Esq.<br>The Burnstein Law Firm, P.C.<br>225 South Meramec, Suite 925<br>St. Louis, MO 63105<br><br>*Counsel for Greg Besinger David Zavala, and Elvis Huskic* |
| Joseph V. Neill. Esq.<br>5201 Hampton Avenue<br>St. Louis, MO 63109<br><br>*Counsel for Elvis Huskic* | Thomas R. Carnes, Esq.<br>The Carnes Law Firm<br>5201 Hampton Avenue<br>St. Louis, MO 63109<br><br>*Counsel for Elvis Huskic* |
| Alan L. Kovacs, Esq.<br>Law Office of Alan L. Kovacs<br>2001 Beacon Strret, Suite 106<br>Boston, MA 02135<br><br>*Counsel for Marcell Johnson, Neil Hirsch, and Jeffrey L. Friedman* | Steven A. Kanner, Esq.<br>Douglas A. Millen, Esq.<br>Robert J. Wozniak, Jr., Esq.<br>Much Schelist Freed Denenberg Ament & Rubenstein, P.C.<br>191 North Wacker Drive, Suite 1800<br>Chicago, IL 60606-1615<br><br>*Counsel for Marcell Johnson, Neil Hirsch, and Jeffrey L. Friedman* |

| | |
|---|---|
| Harry Shulman, Esq.<br>The Mills Law Firm<br>145 Marina Blvd.<br>San Rafael, CA 94901<br><br>*Counsel for Marcell Johnson, Neil Hirsch, and Jeffrey L. Friedman* | Daniel R. Karon, Esq.<br>Goldman Scarla To & Karon, P.C.<br>55 Public Square, Suite 1500<br>Cleveland, OH 44113<br><br>*Counsel for Marcell Johnson, Neil Hirsch, and Jeffrey L. Friedman* |
| Steven J. Greenfogel, Esq.<br>Meredith Cohen Greenfogel & Skirnick, P.C.<br>117 S. 17th Street, 22nd Floor<br>Philadelphia, PA 19103<br><br>*Counsel for Marcell Johnson, Neil Hirsch, and Jeffrey L. Friedman* | Russell A. Wood, Esq.<br>414 East Parkway<br>Russelville, AR 72801<br><br>*Counsel for Mark Adkison* |
| Harold M. Hewell, Esq.<br>1901 First Avenue, Second Floor<br>Sand Diego, CA 92101<br><br>*Counsel for Luis Gonzales* | Clifford H. Pearson<br>Gary S. Soter, Esq.<br>Wasserman, Comden Casselman & Pearson LLP<br>5567 Reseda Blvd., Suite 330<br>P.O. Box 7033<br>Tarzana, CA 91357-7033<br><br>*Counsel for Dean L. Smith, Jr.* |
| Robert C. Baker, Esq.<br>Phillip A. Baker, Esq.<br>Baker, Keener & Nahra LLP<br>633 West Fifth Street, 54th Floor<br>Los Angeles, CA 90071-2005<br><br>*Counsel for Dean L. Smith, Jr.* | Edward W. Cochran, Esq.<br>20030 Marchmont Road<br>Shaker Heights, OH 44122<br><br>*Counsel for Robert Falkner* |
| Harvey J. Wolkoff<br>Mark P. Szpak<br>Ropes & Gray, LLP<br>One International Place<br>Boston, MA 02110-2624<br><br>*Counsel for The Gillette Company* | Robert E. Bartkus, Esq.<br>Dillon, Bitae & Luther, LLC.<br>P.O. Box 398<br>53 Maple Avenue<br>Morristown, NJ 07963-0398<br><br>*Counsel for The Gillette Company* |
| | /s/Kenneth D. Quat |

**MDL 1704**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1704*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE M3POWER RAZOR SYSTEM MARKETING & SALES PRACTICES LITIGATION*

*David Atkins v. The Gillette Co.*, C.D. California, C.A. No. 2:05-4024
*Mark Dearman, et al. v. The Gillette Co.*, D. Massachusetts, C.A. No. 1:05-11177
*Kevin Windom v. The Gillette Co.*, D. Massachusetts, C.A. No. 1:05-11207

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of two actions pending in the District of Massachusetts and one action pending in the Central District of California.[1] Plaintiff in one of the District of Massachusetts actions moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Massachusetts. Defendant The Gillette Co. (Gillette) supports centralization. Plaintiff in a potential tag-along action in the Central District of California is the only respondent who opposes Section 1407 transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions sharing factual questions regarding whether Gillette misrepresented certain aspects of its M3Power razor system during advertising of the product, including Gillette's claim that the M3Power razor system lifted individual hairs before they were cut. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The Panel has been notified of 25 additional actions pending in the following districts: five actions each in the Central District of California and the District of Massachusetts; three actions in the District of New Jersey; two actions in the Western District of Tennessee; and one action each in the Eastern District of Arkansas, the Northern District of California, the Southern District of California, the District of Connecticut, the Northern District of Illinois, the District of Maryland, the Eastern District of Missouri, the Northern District of Ohio, the Eastern District of Pennsylvania, and the Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**OFFICIAL FILE COPY**

IMAGED OCT 27 2005

- 2 -

Plaintiff in a potential tag-along action in the Central District of California argues that transfer is inappropriate since many of the actions are dependent upon questions of different state laws and several of the potential tag-along actions are likely to be remanded. This plaintiff suggests that informal coordination of discovery would be preferable to Section 1407 centralization. These arguments are unpersuasive. The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Moreover, any motions to remand to state court, if not resolved prior to transfer, may be presented to and decided by the transferee judge. Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of the actions, which is to the overall benefit of all parties.

We are persuaded that the District of Massachusetts is an appropriate transferee forum for this litigation. The District of Massachusetts is a likely source of relevant documents and witnesses inasmuch as Gillete's headquarters are located there. By centralizing this litigation before Judge Douglas P. Woodlock, who presides over all actions in this district, we are assigning this litigation to a jurist who has both the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the District of Massachusetts is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman